**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:16-cr-00168-GMN-NJK-1 |
| vs. ) | |
| ) | **ORDER** |
| DERRICK VINCENT, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Derrick Vincent's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("First 2255 Motion"), (ECF No. 97). The Government filed a Response, (ECF No. 140). Petitioner did not file a reply.

Also pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Second 2255 Motion"), (ECF No. 144). The Government filed a Response, (ECF No. 151). Petitioner did not file a reply.

Also pending before the Court is Petitioner's Motion for Appointment of Counsel, (ECF No. 146). The Government did not file a Response.

For the reasons discussed below, the Court **DENIES** Petitioner's First 2255 Motion, Second 2255 Motion, and Motion for Appointment of Counsel.

**I.   BACKGROUND**

On October 24, 2016, Petitioner pleaded guilty to Count One of the Indictment: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Mins. Proceedings, ECF No. 25). The Court sentenced Petitioner to 46 months-custody with two (2) years of supervised release. (J., ECF No. 36). On May 3, 2017, Petitioner filed a Notice of Appeal, challenging his sentence. (*See* Notice of Appeal, ECF No. 38). The Ninth Circuit

vacated and remanded for resentencing without the crime of violence enhancement to Petitioner's base offense level in light of new Ninth Circuit precedent in *United States v. Edling*. (*See* Mem. USCA at 2, ECF No. 47).  Upon the Ninth Circuit's mandate, the Court resentenced Petitioner to 27 months-custody with two (2) years of supervised release. (Am. J., ECF No. 58).

### A.  Revocation Hearings

On May 3, 2019, the Probation Office filed a Petition for Warrant for Offender Under Supervision, alleging that Petitioner violated the terms of his supervised release by failing multiple drug tests, failing to secure formal employment, and allegedly committing crimes in California. (Pet. for Warrant, ECF No. 65).  On June 18, 2019, the Court held a revocation hearing ("First Revocation Hearing"), during which Petitioner admitted to Allegations 1–3 in the Petition, (ECF No. 66), and Allegations 2A, 3A, and 5 in the Addendum to the Petition, (ECF No. 78). (Mins. Proceeding, ECF No. 81).  The Court sentenced Petitioner to 45 days in custody, followed by 33 months of supervised release. (J., ECF No. 82).  As part of Petitioner's supervised release, the Court required Petitioner to participate in an inpatient substance abuse program as well as a mental health treatment program. (*Id*. at 6).

On July 25, 2019, the Probation Office filed a second Petition for Warrant for Offender Under Supervision, alleging that Petitioner violated three conditions of supervised release.[1] (Pet. for Warrant, ECF No. 83).  On August 16, 2019, the Court held a second revocation hearing ("Second Revocation Hearing"), during which Petitioner admitted to Allegations 1C, 3, and 4 in the Petition, (ECF No. 84). (Mins. Proceeding, ECF No. 92).  The Court sentenced Petitioner to 10 months in custody, followed by 24 months of supervised release. (J., ECF No. 93).  Petitioner appealed the Court's sentence. (Notice of Appeal, ECF No. 94).  The Ninth

---

[1] Specifically, the Petition states that Petitioner committed multiple crimes in Nevada, unlawfully possessed a controlled substance, and failed to report to the probation office within 72 hours of release from imprisonment. (Pet. for Warrant at 2–3).

Circuit later dismissed Petitioner's appeal pursuant to Petitioner's unopposed motion for voluntary dismissal. (*See* Order of USCA, ECF No. 102).

On December 6, 2019, the Probation filed a third Petition for Warrant for Offender Under Supervision, alleging that Petitioner failed to report to Probation or the halfway house and that his whereabouts were, at that time, unknown. (Pet. for Warrant at 3, ECF No. 106). On January 8, 2020, the Court held a third revocation hearing ("Third Revocation Hearing"), during which Petitioner admitted to Allegation 1 in the Petition, (ECF No. 107). (Mins. Proceeding, ECF No. 121). The Court sentenced Petitioner to 24 months in custody. (J., ECF No. 122). Petitioner appealed the Court's sentence, which the Ninth Circuit later affirmed. (Notice of Appeal, ECF No. 124); (*see also* Mem. USCA Affirming J., ECF No. 136).

### B. Instant Motions

On September 5, 2019, Petitioner filed his First 2255 Motion, challenging the Court's sentence imposed at the Second Revocation Hearing. (*See* First 2255 Mot., ECF No. 97). Specifically, Petitioner challenges the length of his sentence and seeks credit for time served. (*See id.*). On January 13, 2021, Petitioner filed the Second 2255 Motion, challenging the Court's 24-month sentence imposed at the Third Revocation Hearing. (*See* Second 2255 Mot., ECF No. 144). Specifically, Petitioner argues that the sentence imposed is cruel and unusual punishment. (*Id.*). Petitioner also filed a Motion for Appointment of Counsel in connection with his Second 2255 Motion. (*See* Mot. Appointment Counsel, ECF No. 146). The Court first addresses Petitioner's First 2255 Motion.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the

sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id*.; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Burrows*, 872 F.2d at 917. "No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989).

## III.  DISCUSSION

### C.  First 2255 Motion, (ECF No. 97)

Petitioner makes three arguments in his First 2255 Motion. First, Petitioner seeks credit for the amount of time he allegedly overserved prior to his resentencing. (*See* First 2255 Mot. at 4). Second, Petitioner argues that the sentence imposed at his Second Revocation Hearing—10 months custody with 24 months of supervised release—was unreasonably long because his sentence was based on false statements. (*See id*. at 6). Petitioner further contends that his sentence was unreasonably long because he "simply had [his] first meth release and did not hurt or harm anyone but [himself]." (*See id*. at 8). The Court addresses each argument in turn.

//

//

    i. Credit for Time Served

Petitioner asserts that he served about 34 months prior to his resentencing, at which the Court resentenced Petitioner to a 27-month sentence. (*Id*. at 4). Because he served more than the sentence, Petitioner now seeks credit for the amount of time overserved. (*Id*.). The Government argues, in response, that: (1) the Court does not have authority to grant credit for prior time served; (2) Petitioner's claim is premature because he did not exhaust his administrative remedies; and (3) the Bureau of Prisons ("BOP") already granted Petitioner credit for time served. (Resp. First 2255 Mot. 6:17–20, ECF No. 140).

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). "[I]t is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court." *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979). Before filing for collateral relief, a petitioner must exhaust his administrative remedies through the Administrative Remedy Procedure established by the Bureau of Prisons. *See Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984) (citing 28 C.F.R. §§ 542.10–542.16); *see also United States v. Lowe*, No. 2:14-cr-0004-JAD-VCF, 2018 U.S. Dist. LEXIS 192539, at \*2 (D. Nev. Nov. 9, 2018) (citing *Eldridge v. Berkebile*, 576 F. App'x 746, 747 (10th Cir. 2014)).

In this case, the Court lacks jurisdiction to grant Petitioner credit for time served. *See Clayton*, 588 F.2d at 1292; *see also Wilson*, 503 U.S. at 335 (explaining that under 18 U.S.C. § 3585(b), the Attorney General through Bureau of Prisons, rather than district court, computes amount of credit to federal sentence). Furthermore, Petitioner failed to exhaust his administrative remedies. (*See* BOP Email Regarding Sentencing Computation, Ex. B to Resp. First 2255 Mot., ECF No. 140-2) (confirming that "[t]he Remedy retrieval confirms [Petitioner]

has not filed a remedy request regarding any sentence computation issues."). Accordingly, because the Court lacks jurisdiction to credit time served and Petitioner otherwise failed to exhaust his administrative remedies, the Court denies Petitioner's request.

        ii.        Unreasonable Sentence

Petitioner additionally asserts that his 27-month sentence imposed at his Second Revocation Hearing was unreasonable for two reasons: (1) the District Attorney falsely stated that the halfway house did not have available bedspace when it indeed had space;[2] and (2) the sentence imposed was unreasonable given that Petitioner "simply had his first meth relapse and did not hurt or harm anyone but [himself]." (First 2255 Mot. at 8). The Government, in response, argues that the Court correctly calculated Petitioner's sentence at the resentencing. (Resp. First 2255 Mot. 9:9–10:6). Even assuming the Court miscalculated Petitioner's sentence, the Government asserts that Petitioner procedurally defaulted on his claim. (*Id*. 10:7–18).

When a petitioner fails to raise a legal argument on direct appeal, the "procedural default" rule bars collateral review under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). The two noted exceptions to this rule are when a petitioner can show both cause and prejudice, or "actual innocence." *Id*.; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). If the petitioner cannot demonstrate cause and prejudice, he must prove "actual innocence," meaning "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law.").

---

[2] Though Petitioner argues that the District Attorney falsely stated that the halfway house did not have available beds, the Court notes that Petitioner likely intended to refer to the AUSA or the Probation Officer's statements. At the Second Revocation Hearing, Petitioner's Probation Officer stated, "We had a bed space ready for him, your Honor, for him to immediately go into the halfway house as soon as he reported. However, he never reported." (*See* Tr. Proceedings, Supervised Release 14:15–18, ECF No. 132).

Here, Petitioner failed to raise his argument regarding an unreasonably long sentence on direct appeal and further fails to demonstrate cause and prejudice to otherwise excuse the procedural defect. On appeal, Petitioner contested his sentence on two grounds: (1) that Petitioner's robbery conviction did not qualify as a crime of violence; and (2) that Petitioner's lengthy sentence was unreasonable given Petitioner's mental health history. (*See* Appellant's Opening Brief, Case No. 17-10187). Though Petitioner appealed the length of his sentence on appeal, Petitioner did not mention the allegedly false statements or the issue with credit for time served. Petitioner, therefore, procedurally defaulted on the instant claims.

Even if this Court could consider the merits of Petitioner's claim, Petitioner fails to provide specific evidence demonstrating why the sentence was unreasonably long. In fact, Petitioner's arguments are directly contradicted by the transcript of the Second Revocation Hearing. At the Second Revocation Hearing, Petitioner's Probation Officer, not the AUSA, confirmed that the hallway house had a bed waiting for Petitioner, but he never showed up. (*See* Tr. Proceedings, Supervised Release 14:15–18). Thus, Petitioner's claim that the "District Attorney" falsely claimed that the halfway house did not have available bedspace is without merit. Petitioner does not additionally demonstrate how his sentence was unreasonably long. Without further evidence demonstrating that the sentence was unreasonable, the Court accordingly denies Petitioner's First 2255 Motion.

**D.  Second 2255 Motion, (ECF No. 144)**

Petitioner challenges, in his Second 2255 Motion, the sentence imposed at his Third Revocation Hearing, in which the Court imposed 24 months in custody. (*See* Second 2255 Mot., ECF No. 144). Specifically, Petitioner argues that the sentence is "cruel and unusual punishment" in violation of the Eighth Amendment. (*Id*. at 5). Furthermore, Petitioner asserts that the Court failed to adequately explain imposing an upward variance and sentenced Petitioner to an unreasonable sentence. (*Id*. at 6). The Court addresses each argument in turn.

       i.    Cruel and Unusual Punishment

Petitioner asserts that his 24-month sentence is cruel and unusual punishment in violation of the Eighth Amendment. (Second 2255 Mot. at 5). Specifically, Petitioner argues that: (1) his sentence was due to a clerical error; and (2) no justification was given as to why his sentence was doubled for a Grade C violation. (*Id.*). The Government argues that Petitioner procedurally defaulted on this claim because Petitioner failed to raise this issue on direct appeal. (Resp. Second 2255 Mot. 7:7–10, ECF No. 146). Even if the Court were to consider Petitioner's Eighth Amendment claim, the Government contends that the Ninth Circuit already determined the Court's sentence reasonable. (*Id.* 7:10–11).

Here, Petitioner did not raise an Eighth Amendment claim on direct appeal. (*See* Brief of Petition-Appellant, United States v. Derrick Vincent, Case No. 20-10015 (9th Cir. May 21, 2020)). Petitioner, therefore, cannot raise his Eighth Amendment claim for the first time in a habeas proceeding without cause to excuse his procedural default. *Ratigan*, 351 F.3d at 964 ("[T]he claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (quoting *Bousley*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Because Petitioner does not otherwise demonstrate cause or actual prejudice for failing to raise the claim on direct appeal, the Court finds that his Eighth Amendment claim is procedurally barred.

      ii.    Failure to Calculate Sentencing Range

Petitioner further argues that the Court failed to "adequately explain [the] upward variance" and committed other procedural errors. (Second 2255 Mot. at 6). Where an argument was "considered and rejected on direct appeal," the prisoner "may not have a second bite at the apple via a § 2255 motion." *United States v. Bryant*, 609 F. App'x 925, 927 (9th Cir. Apr. 27, 2015). Here, the Ninth Circuit considered and rejected this specific argument on direct appeal. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised

a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."). Petitioner raised two arguments on appeal: (1) the district court committed significant procedural error when varying upward to impose a 24-month sentence; and (2) the district court imposed a substantively unreasonable sentence of 24 months' imprisonment for a single Grade C supervision violation. (*See* Brief of Petition-Appellant, United States v. Derrick Vincent, Case No. 20-10015 (9th Cir. May 21, 2020)). The Ninth Circuit ultimately rejected Petitioner's arguments, finding that:

> Despite the district court's failure to state the Guidelines range at the outset of sentencing, the record reflects that the court was aware of the correct, undisputed Guidelines range. The district court also sufficiently explained its reasons for the upward variance, including Vincent's repeated violations of the terms of his supervised release and the need to protect the public. On this record, Vincent has not shown a reasonable probability that he would have received a different sentence absent the alleged errors.

(Mem. USCA Affirming J. at 2). Because the Ninth Circuit already rejected Petitioner's arguments on appeal, which are the same arguments Petitioner raises here, the Court accordingly denies Petitioner's Second 2255 Motion.[3]

### E. Motion for Appointment of Counsel, (ECF No. 146)

Petitioner additionally requests the Court appoint counsel, arguing that "the issues in this case are complex, the [P]etitioner is unable to adequately present the claims without the assistance of counsel, and that Petitioner is unable to retain private counsel to represent him." (Mot. Appointment Counsel at 2, ECF No. 146). Under 18 U.S.C. § 3006A, the Court may appoint representation for any financially eligible person seeking relief under 28 U.S.C. § 2255

---

[3] Further, the Court finds that because Petitioner's Motion is based on the record, an evidentiary hearing is unnecessary for it to reach this conclusion. *See Burrows*, 872 F.2d at 917 ("The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.").

if "the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* 28 U.S.C. § 2255(g). "Counsel must be appointed to represent indigent defendants in 2255 proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446–47 (9th Cir. 1962)). "When a habeas corpus petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required." *United States v. Grimm*, No. 2:08-cr-00064-JCM-GWF-1, 2019 U.S. Dist. LEXIS 226833, at *4-5 (D. Nev. July 29, 2019) (citing *LaMere v. Risley*, 827 F. 2d 622, 626 (9th Cir. 1987)).

Here, the Court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted. The issues raised in Petitioner's underlying 2255 Motions are not complex and Petitioner has not made a showing as to why denial of counsel would amount to a denial of due process. Further, the Court has reviewed Petitioner's underlying 2255 Motions above and finds that they are without merit. The Court thus denies Petitioner's Motion for Appointment of Counsel.

### F. Certificate of Appealability

To proceed with an appeal of this Order, the Court must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore denies Petitioner a certificate of appealability.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's First Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 97), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 144), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel, (ECF No. 146), is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __27__ day of April, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court